## No. 145

### PAWLOWSKI v. PAWLOWSKI

Ohio Appeals, 6th Dist., Lucas Co.

No. 1734. Decided Jan. 17, 1927

997. REAL ESTATE—Where plaintiff in her petition asks for cancellation of a conveyance and also for such further relief as she may be entitled to in equity; whatever may be justly due her may be made a charge upon the real estate. (Burzych v. Drabik et., 4 Abs. 155, affirmed and followed.)

First Publication of this Opinion

RICHARDS, J.

Marcyanna Pawlowski owned a lot in the City of Toledo and on Aug. 5, 1921 conveyed the same to her two sons, Valentine and Ignatius. She now asks to have this conveyance set aside on the ground that she was enfeebled and incompetent to execute the deed that that the same was obtained of her by coercion and fraud.

The evidence disclosed that plaintiff was 82 years of age, feeble in mind and body, unable to read or write and unfamiliar with business; that the property was conveyed to the sons without the payment of any valuable consideration and that it was orally agreed between the parties that she was to have the use of the property for life, that the grantees were to support her during her life and to pay taxes and insurance and keep up the improvements on the residence.

The Lucas Common Pleas, on motion, rendered a decree in favor of the plaintiff on the pleadings, from which an appeal was taken. The Court of Appeals held:

1. While the object of the petition is to secure a cancellation of the conveyance, the prayer of the petition also asks for further equitable relief. Under this state of the pleadings, the plaintiff is entitled to an accounting and to have whatever may be justly due her made a charge upon the real estate. (Burzych v. Drabik et., followed; 4 Abs. 155.)

2. Defendants are apparently willing to be charged with the performance of such obligations and would seemingly be willing to recover the property were it not for the fact that they fear it will be transferred to a granddaughter.

3. An examination of the evidence discloses that defendants have failed to comply with the contract and plaintiff is entitled, pursuant to agreement of the parties, to occupy the premises during the term of her natural life and to rent out such portions of it as she may choose.

4. Defendants are chargeable with payment of taxes and insurance and must keep the property in a reasonable state of repair; and they are further chargeable with the payment of $25.00 per month, the reasonable expense of maintenance to be paid to plaintiff; and all these obligations to be performed by defendants are made a charge upon the real estate.

Decree for plaintiff.

(Culbert & Williams, JJ., concur.)

Attorneys—Stanley A. Grzezinskif ro plaintiff; A. C. Czelusta for defendants; all of Toledo.